May it please the Court. Good morning, Your Honours. My name is Nicolette Glazer. I represent Mr. Joaquim Finato, the plaintiff and counter-defendant in the case below. Your Honour, it was undisputed before the District Court and appellant does not dispute. In fact, admitted in page 50 of the brief that the claim of a discharge attorney to be paid fees is a quintessential cause of action under indebitados assume sit. A cause of action of law under common law and also clearly triable to a jury under California law. Yet, in this case, the District Court, without making any findings or providing a historical analysis as required by the United States Supreme Court, simply denied Mr. Finato the right to a jury trial. We respectfully submit that that error requires a remand. Counsel, I realize that the parties may be way past this. You have $20,000 here at stake, somewhere between $20,000 and $25,000. That's not very much money and a jury trial is going to be very, very expensive and very time-consuming. Have you tried mediation in this case? Have you tried negotiating this one out because this one doesn't seem to be worth anybody's time? There was a mediation it failed at the District Court level, Your Honor. And it kind of taps into issues for the plaintiff that go... So did the mediation fail before the District Court made its findings? Yes. Okay. I mean, we have a mediation service if the parties would like to do it because you now know more than you did before. You've had a District Court who has entered findings. You've had a District Court who's told you what his impressions are and what he thought, who he thought ought to win. And that may change the negotiations just a little bit. It makes your side a little more hesitant and complete, you know, to pay nothing. And the other side may be worried that the court will send us back for a trial and who knows what a jury will do with this. So you've got – there's a lot at stake here, but there's not a lot of money at stake. You're absolutely correct, Your Honor. And, again, the issue when we did the mediation at the time for the District Court, it was related to the still pending wage and hour litigation that is going on and is actually waiting a resolution in this case to tap into a lot of issues that are unresolved. But I agree with you. I think its mediation is perhaps an option, and I would certainly welcome it, or at least I recommend it to the client. But we did get the questionnaires to the mediator, and it did not get accepted, and it was not part of this court's mediation program. If the court has any particular questions for me to answer, but I'd like to address further the Route 37C exclusionary sanction. And, again, this was raised before the District Court both in conjunction with the motion for summary judgment and before the bench trial, and the court, again, did not address it. Now, we respectfully submit that the court should make clear, if it was not made clear in the two cases that have addressed the Route 37C after the 1993 and 2000 amendments, the Yeti by Mollie and the Hoffman case, and actually accept and follow the Seventh and First Circuit that consider the exclusionary sanction as a mandatory one, and especially when it is tied to a Rule 26A violation. Again, here the Rule 26A imposes an affirmative duty on each party to come forward with certain information without a motion, and that includes the computation of damages. Now, the 1993 and 2000 amendments to Route 37C actually meant to give teeth to failure to provide discovery. And, again, it does not – Route 37C is not couched in a term of discretion or a motion in the midst of confer. Instead, it says, evidence or information that has not been provided cannot be allowed to be used. And this is what I believe other courts, and this court, alluded by saying that Route 37C after the amendment is a self-executing sanction. This district court did not address it, and to the extent that there is discretion, it did not make known what the discretion is. So even if there is some discretion, an appellate court cannot review that discretion, because in essence here, that discretion has been completely withdrawn. It appears to be an unfettered discretion that is unmoored from any benchmark, and that's not what Route 37C says. In fact, it places the burden on the non-disclosing party to come up with justification. That burden was not placed. One other point I'd like to make is with respect to the failure to provide a leave to amend. When defendant made their motion to dismiss Route 26B motion, they challenged the causes of action, but also they brought in two affirmative defenses. Now, with respect to the Route 12B6 motion for the failure to state a claim, the district court basically faulted plaintiff not for not stating the damages, but failing to explain them. And I will respectfully submit that that is the quintessential reason for why a leave should have been granted. There was no finding of utility in any way. And when the court looks at the way the district court applied the issue of damages in the bench trial, it is evident that it applied really a double standard. Plaintiff was found to have not explained properly their damages. Yet, at the bench trial, the defendant, I mean, at the time, the cross-complainant, were able to simply estimate their fees and not being allowed even to be challenged as to the methodology used to estimate those fees. And in essence, the district court found that it is appropriate for an attorney to spend 65 hours, supervising attorney to spend 65 hours supervising the 10 hours that has been spent by the first or second year associate. And so respectfully, we will ask the court to find that leave should have been granted as ordered by the Supreme Court with the direction that the foreman leave should be granted freely. Now, with respect to the two affirmative defenses, we respectfully submit that this court has previously alluded that a Rule 12b-6 motion is not really the appropriate. It's an exception when an affirmative defense should be used. An affirmative defense, by definition, does not go to the claim or to the element of claim. In fact, it says, even if you have pled properly your claim, there is something outside of the claim that cuts your right to recovery. And specifically, a plaintiff is not required to plead affirmatively and anticipate affirmative defenses. True, the court has found in those special circumstances when the face of the complaint clearly shows that there's no cure for an affirmative defense, it is appropriate. But I will respectfully submit that that's an exception. It is not the rule. And the last point I would like to make, and I will reserve my time for a reply unless the court has a question, is that in applying, in finding that the discharge attorney have met the Rule 56 burden, the district court says that there was not sufficient evidence of a breach. Well, respectfully, we'll submit that that was not the proper standard under Rule 56. Rule 56 challenged whether there are material facts that are in dispute. The court was specifically not allowed to either weigh the evidence or address the credibility of the two declarations that went to the issue of whether there was a request or there's a breach by seeking 50% of the contingency. Unless the court has time, I would like to reserve my five minutes and a half for rebuttal. All right. Thank you, counsel. Thank you. Good morning, Your Honors. May it please the Court. My name is Olaf Mueller. I'm appearing on behalf of Appelese. Can the Court hear me okay? Your Honors, there's one point that Ms. Glaser failed to mention that we mentioned in our brief. She did not address it in any kind of a reply brief. That has to do with the record on appeal. Mr. Fanato has failed to present an adequate record on appeal here. He has not presented all of the evidence that was considered by the court with respect to the summary judgment motion. He has not presented even the memoranda of the summary judgment motions. Did you put that into your excerpts? We presented – we put some of it in there, Your Honor. Well, if you thought that there was a gap there that we ought to be aware of, why didn't you put it all in? Well, because it's his burden on appeal to convince this court to reverse the prior decision, and his failure to present an adequate record under FRAP 10 and 28 is sufficient grounds to dismiss the appeal right there. This is an argument we make in our Appelese brief. You want us to dismiss the case based on the record on appeal? Based on their failure to give us a full record? That would be one basis for the court to do so, and this is commonly done by appellate courts. I won't say it's commonly done. I don't think I've seen it done in my 16 years on the bench. And I haven't seen it done in my 20-something years. Your Honor, I understand that it may be a remedy, but it would have to be a very, very extreme case, and we have lots and lots of stuff here to review in this case. Your Honor, just to give an example, even before the California court of appeal, when a party fills out the designation of the record, it literally says on the form, if you fail to provide an adequate record on appeal, your appeal may be dismissed on that ground. Maybe that's something the California court – As the California versus the next circuit, I understand, Your Honors. Nevertheless. Wait a second. Why don't we go back, rewind to Judge Bybee's initial question. Are you willing to mediate this case instead of continuing to fight after there has already been a determination of the reasonable amount owed? Your Honors, we have had at least three formal mediations in this matter.  In fact, Mr. Fanato presents. He uses evidence of one of our informal mediation efforts against us as part of his principal case. Have you mediated since Judge Klausner issued his decision? Since Judge Klausner issued his decision, no, Your Honors. Once Judge Klausner issues his decision, both sides seem to know a little bit more. They know how at least one judge thought the record looked. He thought that you were entitled to attorney's fees, and he thought that your reasonable fees were just slightly less than what you were asking for. You asked for $25,000, right? $25,000 and change? I think the number was at least $25,000. At trial, the number was a little over $47,000. He awarded $22,500. $22,500. So he thought that your claim wasn't worth everything that you thought it was worth. Well, that should tell you something. He thought it was worth more than what Mr. Fanato thought it was worth, because he thought it was worth zero. So it seems to me that you're someplace very much in the middle and that both sides are going to spend a whole lot more than $20,000 if you go to trial. Well, it depends on the additional court's rulings, depending on how this appeal goes, I suppose. Well, the mediation doesn't depend on how this court goes. The court is asking you, are you willing to mediate this before we decide it? Your Honor, we are. Somebody, at least one of you, is likely to be very unhappy with what we decide, and maybe both of you. Your Honor, frankly, even if this court were to reverse every single one of these decisions, I think we would turn around and win them all again, whether by a 12-6 again. Right, and maybe spend $100,000 or more in the process to get $22,000. Your Honor, we've always been happy to mediate, to answer the court's question very briefly. Absolutely, we'd be happy to mediate. The problem, however, and this is without disclosing what was discussed during the mediation sessions, is we don't think at this point in time, given the posture of the case and as far as we've gone, this has been going on for about three years now, that another mediation session, this would be number four. Right, but you haven't had one with the Ninth Circuit Mediation Unit, right? We have not had one directly from the Ninth Circuit, no, Your Honor. And you haven't had one since Judge Klosner told both sides what he thought of the case? No, we haven't, Your Honor. There's a lot more information on the table. There is, Your Honor, and actually there's even more than what's before this court. There's a parallel proceeding pending in state court by the same attorneys with Claudia Fanato. That's Joaquin Fanato's ex-wife. It's essentially an identical complaint just with their names switched and pending in state court versus federal court. You can ask Ms. Glazer why she decided to file two identical complaints, one in state and one in federal. That one has also been before the Court of Appeal. And as of today, I believe the trial court has awarded something in the range of $60,000 in slap fees against Ms. Fanato, Claudia Fanato in that case. So, Your Honors, may I at least? Slap fees?  We slapped the complaint, Your Honor. We filed an anti-slap motion, a special motion to strike under California CCP 425.16. Right. Now, I know the anti-slap statute well, but I'm wondering what was the basis for the award of the fees. Well, we filed an anti-slap motion. The trial court granted part of the anti-slap motion entitling us to fees before the trial court. Then we appealed a portion of the slap ruling, which was a denial. The Court of Appeal reversed that denial in part, and about approximately a week ago, the trial court now has awarded an additional sum of slap fees relating to that appeal. Not against Mr. Fanato, but against his ex-wife. And the reason I bring that up, Your Honors, is whenever we've done these mediation sessions, we've done them globally as between the Fink Firm, the two individual defendants, Mr. Fanato and Ms. Fanato. I'm sure our mediators would be willing to take the whole thing globally if that would help. Your Honors, there's one other point. Neither Mr. Fanato nor Ms. Fanato have ever attended any of these mediation sessions. That can be their choice. They're represented by counsel. Why don't you tell us about whether the Quantum Meroit claim is legal or equitable? Certainly, Your Honors. The Ninth Circuit hasn't squarely addressed this issue. I think both sides will agree with that. Nevertheless, the Second Circuit and the D.C. Circuit both have looked at it, and at least one California district court bankruptcy case from 1999 addressed this issue. And all of these courts that have addressed this issue and examined it in some detail have concluded that with respect to the narrow factual dispute that went to trial here, not whether the attorney is entitled to fees but how much, and in the absence of a contract specifying the particulars, that is a question left for the court to decide. It's traditionally, historically, something that was decided in equity by the courts, and this goes back even to British law centuries ago. That is the common practice today. Under the rule set forth by the Supreme Court in the Ross case, putting aside the historical practice and the customary practice today, from a practical standpoint, juries can't resolve these issues, at least not without expert assistance, and there just so happens to be an expert on this exact issue in every courthouse in the country, the judge. So for that reason, we contend that it was appropriate for the trial court to deny the jury trial on this narrow issue. And I do want to emphasize the narrowness. The court didn't even decide the question of liability in the first instance. That was all adjudicated by the summary judgment motions or the summary adjudication motions. So it was really only part of the quantum merit claim, the damages component. And again, all of the case law or the cases, the courts that have addressed this issue, have held that this is a question appropriate for the court, not for the jury. It's special, different than other kinds of quantum merit cases, and Mr. Fanato fails to point to any cases anywhere specifically addressing this issue in this context of a fee dispute. One more point to make, Your Honors, in this. Well, Your Honors, do you want me to just respond to a couple of the points by Ms. Glaser? Or address anything? I would do that unless the court has some questions. I don't have any further questions. Anybody else? No. Sure. Going backwards through Ms. Glaser's points, just very briefly, Your Honor, she argued that the court weighed the evidence against Mr. Fanato on the summary judgment motion, particularly with respect to the breach of contract claim. That's not accurate. The court found there was an absence of evidence supporting her arguments. That's not weighing. If there's only evidence for one side of the claim, then the court, under the undisputed facts, must rule that way. Here, there was no evidence that the Fink firm ever asserted a right to 50 percent of Mr. Fanato's settlement money. In fact, under the undisputed text of the lien, they simply asserted some right to the money, but not a specific percentage. Ms. Glaser argued that she need not allege facts. This is with respect to the 12B6 motion. She need not allege facts anticipating defenses. That's not why her complaint was, for the most part, or Mr. Fanato's complaint, excuse me, was dismissed. Mr. Fanato's complaint was largely dismissed because he failed to state the claims in the first instance. He failed to allege the necessary elements, most particularly the damages. And, yes, certain aspects of the claims were later dismissed for SOL reasons or for, I think, one of the claims was dismissed on litigation privilege. But, again, it's something that plaintiff's attorneys do all the time. You anticipate the defenses. You think your complaint through, and you write it with that in mind. And if she had some way to cure these problems, she would have raised them in her opposition brief and argued it before the court. She didn't do so, and that is why these claims were dismissed without leave to amend. She argues with respect to a trial judgment that it was inappropriate for the trial court to award fees based on the partners spending 65 hours supervising an associate attorney. That was not the evidence before the court that was presented at trial. In fact, the evidence was very different. The partners are the ones who took the depositions. The partners were the ones who appeared at the hearings. Partners had meetings separate from the associates regarding the case. Partners are the ones who met with the clients. So this was not simply padding on the partner's side. In any event, the trial court, as Your Honor pointed out, greatly reduced the requested amount of trial. Ms. Glaser argues that on the 12b-6, she makes an argument that it was unfair because she was not allowed to properly explain this damages issue in her complaint, whereas the defendants were at trial. Well, again, she did explain it in her complaint, and this is why the court dismissed so much of her claims. Mr. Fanato squarely alleges in his complaint he did not suffer any harm from anything that the defendants did until July of 2016, which is two and a half years after he fired them as his lawyers. There's only two ways to take that. Number one, everything that happened between 2011 and 2014 didn't cause him any harm, which means it doesn't give rise to a claim under Bud v. Nixon. Or two, taking him at his word, two, that's just a conclusory statement. He was harmed, and the clock began ticking for him at least through the end of 2014. And then the claim would be time-barred. She argued with respect to the Rule 37 motion in Limine that the court just had too much discretion to deny it. She didn't point out, she never filed a motion to compel the discovery in the first instance. That is required to impose the type of sanctions she asked for. She concedes that, and it's not in the record. Because she never filed the motion to compel, because the trial court never granted the motion to compel, because defendants did not subsequently violate the order, the non-existent order, the court had no power to issue evidentiary sanctions as she requested. She wanted to preclude the defendants from presenting any evidence at trial whatsoever relating to damages. And also, we provide other authority. You can't treat a motion in Limine as a backdoor MSJ. That's inappropriate, and that's why the trial court denied it. The last point, Your Honors, well, the last point related to the jury trial. But we did address and argue these points with briefing and argument before the trial court. This is not part of the record on appeal either. It wasn't presented by Mr. Fanato. But the court asked the parties to brief these issues. We did brief these issues. Asked for briefing on which issues? Whether or not Mr. Fanato was entitled to a jury trial on this quantum error issue that we discussed earlier. And we provided, I think we provided at least two rounds of written briefs. And there was oral argument on this. And the trial court ultimately concluded, based on the parties' positions, to deny Mr. Fanato a right to a jury trial. If there's anything further, if not, I'll submit. No. Thank you, counsel. Thank you, Your Honors. I'll see if the court has any questions. Otherwise, I believe that both parties stated their position. The only thing I want to point out is that counsel is incorrect. On page 20 of our briefs, we have cited both two United States Supreme Courts as well as California cases. And specifically, the Giorgani case, which specifically has found that a quantum myriad, a some seed case in California, is an action of law for which jury trial is required. And in fact, juries in California state court actually decide questions of what is the damages a discharge attorney has suffered. Because, as I mentioned in my brief, in California, we do not have a mandatory automatic lien, as they may be in D.C. In California, the attorney has to file a separate suit against its client to establish the validity, existence, and value of the lien. And in doing that, juries determine the lodestar value of any fees. In this case, the district court actually converted the cause of action for a some seed into a standard Rule 58 motion. And Mr. Mueller says that the motion for summary judgment has resolved the issue of liability. Quite to the contrary, the judge denied the motion for summary judgment and said that there is a need for trial on it. There is no partial grant of a motion for summary judgment on liability, leaving the issue of damages. In fact, the entire MSJ was denied. Some admitted facts undeniably can be carried over. However, it does not absolve the judge from conducting a trial on all of the elements. And specifically, one of the elements under California law for a some seed is that there has to be a measure for the direct benefit that has been confirmed to the client. The benefit here, according to their evidence, was the great job that they did on the wrongful termination claim. Never mind, they dismiss and release that claim by the mandatory pleading. And Mr. Formato was never able and he will not be able to use that. That was completely not addressed either in the motion for summary judgment or during trial. And I believe that is a basis for reversal. All right. Thank you very much, counsel. Not over. This is Keith Megan Associates will be.
judges: Fernandez, Wardlaw, Bybee